**YUAN LIN ZHU, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 07–1417–ag.**

United States Court of Appeals, Second Circuit.

Aug. 28, 2007.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Eric W. Marsteller, Trial Attorney; Sarah A. Schroeder, Summer Law Intern, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Yuan Lin Zhu, a native and citizen of China, seeks review of a March 26, 2006 order of the BIA affirming the September 9, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuan Lin Zhu*, No. A98 478 323 (B.I.A. Mar. 26, 2006), *aff'g* No. A98 478 323 (Immig. Ct. N.Y. City Sept. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Zhu is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nevertheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006). When, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 304–05 (2d Cir.2007).

Here, the IJ's adverse credibility finding was based, in part, on the IJ's

finding that certain aspects of Zhu's testimony were implausible. Zhu argues that such findings were impermissibly speculative. However, while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

The IJ found implausible Zhu's testimony that he attempted to stop family planning authorities from dragging a pregnant woman away to forcibly abort and sterilize her where he claimed to have known the woman, but not her name. Zhu further stated that neither he nor his wife had found out the woman's name because the woman had left China for another country and all of her family members had moved "somewhere else." The IJ properly found implausible Zhu's account of this event and his explanations for his lack of knowledge as to the woman's identity. That is, the IJ's findings were "tethered to the evidentiary record." *Id.* at 169.

Zhu also challenges the IJ's adverse credibility determination to the extent that the IJ relied on inconsistencies between Zhu's airport interview and testimony. Where discrepancies arise from an applicant's statements during an airport interview, the agency must closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Here, the IJ properly considered the risks inherent in relying on an airport interview when evaluating Zhu's credibility. Indeed, when the IJ questioned Zhu regarding the interview, Zhu conceded that he was able to communicate with the interviewer and further acknowledged that he had voluntarily signed the airport interview statement. Thus, the IJ properly concluded that Zhu's airport interview was sufficiently reliable. *Ramsameachire,* 357 F.3d at 181–82. Furthermore, the IJ did not err in basing his adverse credibility finding on discrepancies between Zhu's testimony and his statements during the interview, which included: (1) that he had come to the United States to find a job; (2) that he had never been arrested; and (3) that family planning officials had demolished his house. To the extent Zhu testified that he had left China because he feared being arrested for a second time and that his house had never been demolished, the IJ's adverse credibility finding was amply supported by the record. Contrary to Zhu's argument, such inconsistencies went to the heart of his claim. *Secaida–Rosales,* 331 F.3d at 308. Moreover, no reasonable fact finder would be compelled to credit Zhu's explanation that he had been confused and scared at the interview. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 397 n. 6 (2d Cir.2005). Thus, the IJ's denial of asylum and withholding of removal was proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim). Further, because Zhu has not raised any argument before this Court in support of his CAT claim, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-

NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).